UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

PEDRO RODRIGUEZ, individually and on
behalf of all others similarly-
situated,

                                    **MEMORANDUM & ORDER**
                                    23-CV-8355 (EK)(LB)

                    Plaintiff,


                -against-

INTER-CON SECURITY SYSTEMS, INC.,

                  Defendant.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Pedro Rodriguez worked as a security agent

at John F. Kennedy International Airport ("JFK").  He brings a

putative class action under the Fair Labor Standards Act and New

York Labor Law against his former employer, Inter-Con Security

Systems.  Inter-Con has moved to stay this case and compel

arbitration, ECF No. 23, under the Federal Arbitration Act

("FAA")[1] pursuant to an arbitration agreement Rodriguez signed.

Rodriguez does not dispute that he signed the agreement.

Instead, he invokes (among other bases for avoiding arbitration)

the FAA's Section 1 exemption.  Pl.'s Opp. 8-11, ECF No. 26.[2]

----

[1] Inter-Con argues in its brief that even if the FAA did not apply, the
Court could compel arbitration under California law.  Mem. in Supp. 6 n.4,
ECF No. 24.  However, Inter-Con's motion explicitly requests compelling
arbitration "pursuant to . . . the Federal Arbitration Act" and makes no
reference to state law.  ECF No. 23, at 1.
[2] Page numbers in record citations other than briefs refer to ECF
pagination.

Section 1 provides that "nothing [within the FAA] shall apply to contracts of employment of seamen, railroad employees, *or any other class of workers engaged in foreign or interstate commerce.*" 9 U.S.C. § 1 (emphasis added). Rodriguez believes he is covered by Section 1's residual clause, which the Supreme Court has limited to "transportation workers." *See Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 457-59 (2022).[3]

The Second Circuit has instructed that "[i]f the complaint and incorporated documents fail to provide an adequate basis for deciding whether Section 1 of the FAA applies, the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing." *Aleksanian v. Uber Techs. Inc.*, No. 22-98-CV, 2023 WL 7537627, at *2 (2d Cir. Nov. 14, 2023). Courts should then apply the summary judgment standard. *Id.* This is because arbitration is "in the nature of an affirmative defense," and a plaintiff thus need not *plead* "reasons why he is a transportation worker." *Golightly v. Uber Techs., Inc.*, No. 21-CV-3005, 2021 WL 3539146, at *3-5 (S.D.N.Y. Aug. 11, 2021).

Here, the Court did grant Rodriguez leave to amend his complaint and plead facts regarding his status as a transportation worker, Docket Order dated May 24, 2024, and the

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

parties proceeded to brief the issue.  Rodriguez included
allegations, for example, that security agents at JFK screen
employees who load goods onto airplanes and ensure the safety of
passengers and goods traveling through the airport.  Am. Compl.
¶¶ 42, 46, ECF No. 17.  Still, it remains unclear that the issue
can "be decided on the face of the complaint."  *Aleksanian*, 2023
WL 7537627, at *3.  Some limited discovery may assist in the
determination of whether security agents at JFK are
transportation workers.

Inter-Con asserts that "[b]y his own allegations,
[Rodriguez] was not transporting goods."  Def.'s Reply 8 n.3,
ECF No. 28.  However, that assertion is not dispositive, as the
Court is aware of no binding appellate authority requiring such
a conclusion.  And there is at least some out-of-circuit
authority for the opposite conclusion.  The Ninth Circuit, for
example, has held that Section 1 covered an aircraft fuel
technician, even though he had no "hands-on contact with goods"
and was not "directly involved in the transportation of goods."
*Lopez v. Aircraft Serv. Int'l, Inc.*, 107 F.4th 1096, 1101 (9th
Cir. 2024).

Accordingly, the parties are hereby directed to file
any additional material that they believe is relevant to a
determination of whether Rodriguez is covered by the Section 1
exemption.  This may include "documents, electronically stored

information, affidavits or declarations," or any other materials contemplated by Rule 56(c).  Any such material shall be due by July 25, 2025.  Rodriguez may file a supplemental letter addressing any such submissions by August 8, 2025, and Inter-Con may file a supplemental letter by August 18, 2025.  Letters should not exceed five pages.


SO ORDERED.




_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:      June 27, 2025
            Brooklyn, New York